BROWN v. CITY OF GULFPORT.

Feb. 25, 1952.

No. 38249 (57 So. (2d) 290)

Bruce Cornell and William Hewes, for appellant.

Ernest Martin, Jr., and Robt. R. Buntin, for appellee.

## McGehee, C. J.

This appeal is from a decree which awarded unto the appellee, City of Gulfport, a mandatory injunction whereby the appellant, Richard Brown, was required to remove his building or structure in which he operates a curb market, as now located in that portion of 13th Avenue of the City not being used for public travel, and which is therefore unpaved. The decree allowed a period of thirty days within which the same should be removed from the strip of land about fifteen feet or more in width and lying between the northern boundary of 13th Avenue, running east and west, and the north line of the pavement of said Avenue. A building was erected on Lots 8, 9, 10 and 11 of Block 174 during the year 1935 by J. W. E. Robinson, a predecessor in title of the appellant as to all of the said lots, and he testified that the next year "I went and asked Mr. Odom at the city hall about putting a shed over the sidewalk to cover the produce (located in his curb market) from the weather, and he said, 'Well, you are going to block the sidewalk'. I said, 'No, not block; they can walk straight under the shed, back and forth like they always have. No blockade at all.'

"Q. He said you could put it? A. Didn't say direct yes or no, I went and put it on there because I had a building on the upper side already.

"Q. He didn't raise any objection? A. No.

"Q. Did anyone else? A. No."

The building or structure which was ordered by the trial court to be removed from that portion of 13th Avenue between the sidewalk and the curb of the pavement of the said Avenue is 68 feet in length and the shed thereof to the north extends across the sidewalk, and it is undisputed that according to the original map or plat of the City of Gulfport 13th Avenue is 120 feet in width and that only 80 feet thereof, including a neutral ground 30 feet in width, is paved and used as the traveled portion of the Avenue. The present Mayor of the City, pursuant to a resolution passed by the Mayor and Board of Com-

missioners in the early part of October, 1950, gave written notice to the appellant that in its street paving program the City "is planning to widen 13th Street along with other streets, in a manner deemed necessary to improve the traffic conditions in Gulfport so as to provide more safety for both pedestrians and vehicles that have to use our streets". That "in this program it is going to be necessary for the city to utilize that portion of street property which is now occupied by your building", and further notified the appellant to remove the building to the extent that it encroached on the property and to clean up the premises within 60 days from that date. The appellant failed to comply with the notice and the city thereupon instituted this proceeding to obtain the injunction to prohibit the further operation of the curb market where it encroaches upon 13th Avenue and to require the removal of the building to that extent from this city property.

The appellant in his answer and cross bill sets up the defenses of laches and estoppel on the part of the city to require him to remove his building as prayed for, on the ground that the officials of the city did not offer any objection to the original construction of the building which was in the nature of a watermelon sale stand with a sawdust floor, but which was later improved by the floor being replaced with concrete and the building otherwise enlarged with the knowledge and without objection on the part of their successors in office. The appellant recognized that under Section 104 of the Constitution of 1890, and Section 721, Code of 1942, the statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof. He, therefore, does not claim title to the strip of land in question by adverse possession but relies entirely upon the defenses of laches and estoppel as aforesaid, and further contends that the remedy of the City, if any, is by the exercise of the right of eminent domain, even though he does not claim title to the strip of land in the

street on which his curb market is located, and the City does not seek to acquire his building.

It was shown by the proof that a curb market was operated in the building or structure located on the strip of land here involved at all times from the year 1936 to the date of the trial; that in 1945 the appellant and one N. F. Cropper purchased the lots heretofore described and building thereon, including the structure located between the sidewalk and the curb at the north line of the pavement on 13th Avenue, the shed of which extended over the sidewalk to the north as aforesaid, from one Van Zandt and wife for a very substantial consideration and the testimony on behalf of the appellant was to the effect that his reliance upon the failure of the city authorities to object to the presence of this building in the street was an important factor and influence in their purchase of the property at the consideration paid for the same; that thereafter about $2,000 was expended in the improvement of the said curb market building and that during the year 1947 the appellant bought the one-half interest therein of the said N. F. Cropper, and then expended an additional sum of about $1,000 in the improvement and repairs on the said building; and that all of this was done with the knowledge and without any objection being made on the part of the then governing authorities of the City of Gulfport; that in fact he mentioned the matter to one of the Commissioners and that he learned that the Commissioner spoke to the then Mayor in regard to the matter and that neither of them made any objection to the further operation of the business in the building on a part of the street or to the expenditures made in connection therewith; and that it would now cost the appellant approximately $2,000 to remove the building to another location.

It is not claimed that the Mayor and Commissioners of the city ever entered or agreed to enter any order upon their minutes to evidence their acquiescence or consent

in the erection or maintenance of the building on the portion of the street in question.

The testimony discloses that it is now the purpose of the city to widen 13th Avenue at the point in question to the full extent of the width thereof as shown by the map or plat of the city on file, and that the lots owned by the appellant were purchased according to the map or plat on file as expressly stated in his chain of title and there is no dispute as to the true location of the property line on the south side of the lots where they border on 13th Avenue.

Unless the city is barred by laches or estoppel, the right of the city to have the building removed from its present location in the street is controlled by the cases of Witherspoon v. City of Meridian, 69 Miss. 288, 13 So. 843; Indianola Light, Ice & Coal Co. v. Montgomery, 85 Miss. 304, 37 So. 958; Edwards Hotel & City Railroad Co. v. City of Jackson, 96 Miss. 547, 51 So. 802; and City of Ellisville v. Webb, 151 Miss. 302, 117 So. 836.

As against the foregoing authorities the appellant relies principally upon such cases as City of Jackson v. Merchants Bank & Trust Co., 112 Miss. 537, 73 So. 573; Bishopric v. City of Jackson, 196 Miss. 720, 16 So. (2d) 776, and similar decisions and announcements by the text writers on the question of laches and estoppel, which recognized the requirement that the city under certain circumstances should do equity before being granted any affirmative relief in the premises by injunction or otherwise.

In the case of the City of Jackson v. Merchants Bank & Trust Co., supra, the Bank's predecessor in title desired to erect a brick building at the intersection of Capitol and Robinson Streets in the City of Jackson and was required by the municipal authorities to delay building until the city engineer could locate the property lines, and the building as constructed was located in accordance with the instructions of the city, acting through its civil engineer, and it extended several feet into Robinson

Street. It was held that the city was estopped from injuring and damaging complainant's property while it stood on the strip of ground in the street and that the owner of the building was entitled to have its right of possession quieted and confirmed so long as the building stood in the street, as prayed for under the cross bill in the case at bar. In that case, however, the property owner relied in good faith upon the city's claim as to the location of the true property line and erected the building accordingly. In the instant case, ██ ██ the predecessor in title of the appellant when erecting the building was aware of the fact that he was locating same in the street, as evidenced by the fact that he undertook to ascertain whether or not one of the commissioners and the mayor had any objection to such location, and this was likewise true of the appellant when he improved the same.

As to the case of Bishopric v. City of Jackson, supra, there was a solemn contract involved as entered into between the appellants and the appellee even though the same was an ultra vires undertaking. Under this contract the city had assigned to the appellants a one-half undivided interest in any gas wells produced at the expense of the appellants. The city had induced the appellants to expend about $20,000 in money, labor and materials in the drilling of the wells and then sought affirmative relief in the cancellation of the assignments without full reimbursement. ██ ██ In the instant case, the City of Gulfport entered into no contract with the appellant, and the predecessors in office of the present mayor and commissioners were without authority to bind them by their silence or otherwise in permitting the building in question to be erected in the street.

In addition to the cases discussed in the two last preceding paragraphs, the appellant relies upon the cases of Twin States Realty Co. v. Kilpatrick, 199 Miss. 545, 24 So. (2d) 752, 26 So. (2d) 356; Comans v. Tapley, 101 Miss. 203, 57 So. 567; Bailey v. Sayle, 206 Miss. 757,

40 So. (2d) 618; 19 Am. Jur. 637, Sec. 38; 25 Am. Jur. 413, Sec. 115; and Griffith's Miss. Chancery Practice, p. 37, Sec. 33, to sustain his contention that the City is barred by laches and estoppel from now asserting its right to the full use of 13th Avenue for the benefit of the traveling public. But we are of the opinion that the principles announced in the cases and the texts thus relied upon are applicable to factual situations dissimilar to the one involved in the instance case. So far as the record before us is concerned, it appears that the appellant and his predecessors in title may have received pecuniary benefit from their permissive use of the street for the operation of their curb market therein since 1936 in excess of what it would now cost to remove the building or structure to a new location. In other words, it is not shown that the silence or conduct of the City officials has worked injury and damage to the appellant such as to require the application of the doctrine of laches or estoppel, even if the City officials in former years may bind their successors in office by their silence or conduct in regard to a surrender of a portion of a municipality's full jurisdiction over its streets and avenues.

Nor do we think that it was error on the part of the trial court to exclude the testimony offered by the appellant when he was undertaking to show that the City could widen the traveled portion of 13th Avenue in a more economical manner than by utilizing the part of the street in which his curb market is located, that is to say, by eliminating the neutral ground as done elsewhere; or in excluding the evidence offered to show that the City had not adopted any definite plans for the contemplated improvement, etc. These were matters about which the court could have no concern in the determination of the question of whether or not the City was entitled to possession of the portion of the street in question preparatory to its use in a contemplated improvement for the safety of the public travel.

From the foregoing views it follows that the decree appealed from must be affirmed.

Affirmed.

**Alexander, Hall, Kyle** and **Holmes, JJ.,** concur.